UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LOU ELLEN CHAPMAN, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 2:15-CV-120 JD |
| BOWMAN, HEINTZ, BOSCIA & VICIAN, P.C., | ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Now before the Court is the Plaintiff's Unopposed Motion for Preliminary Approval of

Class Action Settlement, filed by Plaintiff, Lou Ellen Chapman, on September 23, 2015 [DE 18].

The parties seek preliminary certification of a class, and the court's preliminary approval of the

class settlement as set forth in the Class Settlement Agreement [DE 18-1]. Additionally, the

parties ask the Court to appoint a class representative and class counsel, and to approve the

written Notice of Class Action Settlement [DE 18-1 at 16-21].

Lou Ellen Chapman ("Plaintiff") brings this action against Bowman, Heintz, Boscia &

Vician, P.C. ("Defendant") under the federal Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692 *et seq.*, for failure to properly provide her with disclosures required by 15 U.S.C.

§ 1692g(a)(4). Defendant denies any liability or that its practices violate the FDCPA. However,

the parties have reached an agreement to resolve this case whereby Defendant will create a

common fund in the amount of $3,030.00, which would equal $15.00 for each member of the settlement class. Defendant will also pay full statutory damages of $1,000 to Chapman, Class Counsel's attorneys' fees and expenses within a proscribed range and as approved by the Court, and the costs of administering the settlement and providing direct mail notice to each class member. Finally, Defendant has agreed to ensure, going forward, that its initial debt collection letters contain proper disclosures mandated by the FDCPA.

## CLASS CERTIFICATION

This action seeks to recover monetary damages on behalf of the following proposed class members:

> (a) All persons with an Indiana address, (b) to whom Bowman, Heintz, Boscia & Vician, P.C. mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," (c) between March 30, 2014 and March 30, 2015, (d) in connection with the collection of a consumer debt.

Chapman, the class representative, also stands to recover on her individual claim that Defendant violated the FDCPA, 15 U.S.C. § 1692g(a)(4), by sending an initial debt collection letter that failed to inform Plaintiff that Defendant need only have mailed verification of Plaintiff's alleged debt, or a copy of the judgment, to her if she disputed the debt *in writing* [DE 18-1 at 1]. The Court finds it has jurisdiction over this case pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

Conditional certification of the class is sought under Federal Rule of Civil Procedure 23(a) and (b)(3). Federal Rule of Civil Procedure 23 governs the certification of class actions in

federal court.  It allows a member of a class to sue as a representative party on behalf of all the

class members if:

>  (1)     the class is so numerous that joinder of all members is impracticable;
>  (2)     there are questions of law or fact common to the class;
>  (3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>  (4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  If all of these prerequisites are met, a court must also find that at least one

of the subsections of Rule 23(b) is satisfied.  Relevant to this case, Rule 23(b)(3) states:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A)     the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B)     the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C)     the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D)     the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The United States Supreme Court has made clear that the district court is to perform a

"rigorous analysis" to determine that the prerequisites of Rule 23 are satisfied when a class is to

be certified because actual, not presumed, conformance with Rule 23(a) remains indispensable.

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982).  For a class to be certified, each

requirement of Rule 23(a), that is, numerosity, commonality, typicality, and adequacy of

representation, must be satisfied, as well as one subsection of Rule 23(b).  Fed. R. Civ. P. 23;

*Harper v. Sheriff of Cook Cnty.*, 581 F.3d 511, 513 (7th Cir. 2009). "Failure to meet any of the Rule's requirements precludes class certification." *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). A district court has broad discretion to determine whether certification of a class action lawsuit is appropriate. *Id.*

Plaintiff's motion is unopposed, and the Court finds, that she has satisfied Rule 23(a)(1)–(4) and Rule 23(b)(3).

**1.      Numerosity**

The first requirement under Rule 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To be impracticable, joinder need not be impossible, but instead must be shown to be inconvenient and difficult. See 32B Am. Jur. 2d Federal Courts, When Joinder is Impracticable § 1608 (2014). When determining if joinder of all class members is impracticable, the court may consider many factors, including: the class size; judicial economy arising from the avoidance of a multiplicity of actions; the ease of identification of members of the proposed class; the geographic dispersion of class members; the inconvenience of trying individual suits; the nature of the action; the size of each plaintiff's claim; the financial resources of the class members; requests for prospective injunctive relief which would involve future class members; and any other factors relevant to the practicability of joining all the class members. *Id.* A court must rely on simple common sense when determining whether a class size meets the numerosity requirement. *See Flood v. Dominguez*, 270 F.R.D. 413, 417 (N.D. Ind. 2010) (citing *Redmon v. Uncle Julio's of Ill., Inc.*, 249 F.R.D. 290, 294 (N.D. Ill. 2008)). Generally speaking, when the putative class consists of more than 40 members, numerosity is met, but there is nothing magical about that number. *See id.* (citations omitted).

The Court agrees that Ms. Chapman has satisfied the numerosity requirement. Here, "Defendant avers that there are 202 members of the class, including Ms. Chapman." [DE 18 at 4.] The class members are readily ascertainable because Defendant can identify each class member by name and last-known address. The Court finds that the class size, in addition to the fact that individual claims are small enough to likely inhibit class members from pursuing their own claims [DE 37 at 2-3], renders joinder impracticable. Moreover, by joinder of each plaintiff, problems with management and administration would be rendered extremely cumbersome and difficult, such as by requiring service of separate notice and pleadings and entry of a separate order as to each joinder. Joinder would tend to result in multiplicity and a waste of judicial resources, factors which Rule 23 seeks to prevent. Accordingly, the numerosity requirement has been met.

**2.      Commonality**

The second requirement under Rule 23(a) is the need to have "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Claims of individual class members may arise from a "common nucleus of operative fact," which is typically satisfied where the defendant engaged in standardized conduct towards members of the proposed class. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Class certification cannot be defeated simply because there are some factual variances among the proposed members. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992).

The commonality requirement is met because the potential class members share a common, if not identical, nucleus of operative facts. The letters sent by Defendant are essentially identical because each letter includes the sentence: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed,

we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you." Thus, each class member has the same claim against Defendant arising from the letter, and each class member has a common legal question of whether Defendant's initial debt collection letters failed to contain proper disclosures as mandated by the FDCPA.

Accordingly, Chapman has satisfied the commonality requirement because the elements of each cause of action will be common to all of the persons affected given Defendant's standardized conduct towards the members of the Proposed Class. *See, e.g., Lucas v. GC Servs. L.P.*, 226 F.R.D. 337, 340 (N.D. Ind. 2005) ("Courts consistently have found a common nucleus of operative facts if a defendant has allegedly directed standardized conduct toward the putative class members or if the class claims arise out of standardized documents."); *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 697 (S.D. Fla. 2004) ("Similarly, a plaintiff satisfies the commonality requirement when all class members received the same collection letter"); *Mann v. Acclaim Fin. Servs.*, 232 F.R.D. 278, 284 (S.D. Ohio 2003) ("In FDCPA cases, where plaintiffs have received similar debt collection letters . . . courts have found common questions of law or fact sufficient to certify the class.").

## 3.     Typicality

The third requirement under Rule 23(a) is the need to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The question of typicality is closely related to the question of commonality. *Rosario*, 963 F.2d at 1018. A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [is] based on the same legal

theory."  *Id.*  Some factual variations may not defeat typicality, rather, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (citations omitted).

The Court is satisfied that Chapman has met the typicality requirement.  Chapman and the members of the class suffered from the common practice employed by Defendant by issuing standardized initial debt collection letters which allegedly did not contain proper disclosures mandated by the FDCPA.  Therefore, Chapman has the same interests and suffered the same injuries as the class members, and each member seeks identical relief.  In sum, Chapman's claims are typical of those of the class.  *See Lucas*, 226 F.R.D. at 341 ("All of the class members' claims arise from the same practice . . . which gave rise to Plaintiffs' claims, that is each time Defendants sent a collection letter similar to that received by Plaintiffs, they allegedly violated the Fair Debt Collection Practices Act.  Thus, Plaintiffs' claims are typical of the class because they arise from the same course of conduct and are based on the same general legal theory."); *Agan*, 222 F.R.D. at 698 ("Parties seeking class certification have satisfied the typicality requirement by showing that all prospective class members received a variation of the same collection letter.").

**4.**     **Adequacy of Representation**

The fourth and final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Adequacy of representation is composed of two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of

the class members. *Retired Chicago Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993).

"A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018. Also, counsel for the named plaintiffs must be experienced and qualified and generally be able to conduct the litigation. *See Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981).

Chapman has been a model class representative who has diligently pursued the case since its inception. The Court concludes that from all appearances Chapman will fairly and adequately represent the class because she has a common interest in the success of the litigation. Additionally, she has retained Greenwald Davidson Radbil PLLC, which appears to be a firm with experience representing plaintiffs in class actions. *See, e.g., Prater v. Medicredit, Inc.*, Case No. 4:14-cv-00159, 2015 WL 4385682 (E.D. Mo. July 13, 2015) (preliminarily approving class action settlement and appointing Greenwald Davidson Radbil PLLC as class counsel); *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-cv-00130, 2015 WL 2088969, at *2 (D. N.M. Apr. 21, 2015)(same); *Donnelly v. EquityExperts.org, LLC*, No. 4:13-10017, 2015 WL 249522, at *2 (E.D. Mich. Jan. 14, 2015) (appointing Greenwald Davidson Radbil PLLC as class counsel and approving settlement under FDCPA).

The Court believes that the class representative and Class Counsel will protect the due process rights of class members whose rights will be adjudicated despite their absence. Accordingly, the Plaintiffs have met the adequacy requirement and satisfied all of the Rule 23(a) requirements for class certification.

**5.      Rule 23(b)(3)**

In addition to meeting class certification requirements under Rule 23(a), the proposed class must also satisfy the requirements of one of the three subsections of Rule 23(b). "A court should endeavor to select the most appropriate subsection, not just the first linguistically applicable one in the list." *Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 898 (7th Cir. 1999). Chapman sets forth how the Proposed Class satisfies all of the conditions of Rule 23(b)(3), because the class seeks monetary damages, common issues to the class predominate, and a class action is the superior method of resolving the controversy.

The United States Supreme Court has explained that the "predominance" and "superiority" requirements of Rule 23(b)(3) serve to limit class certification to cases where "a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citation omitted). "Predominance" tests the "legal or factual questions that qualify each class member's case as a genuine controversy" and is similar to Rule 23(a)(3)'s requirement of typicality. *Id.* at 623. Here, the main issue before the Court is whether Defendant's initial debt collection letters sent to Indiana consumes violate the FDCPA by failing to properly notify consumers of their validation rights. This common issue predominates the litigation and satisfies the predominance requirement. *See, e.g., Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005) (holding that "[a]s long as the letters that class members received are very similar . . . the legal issue of whether those letters violate the FDCPA is predominate"); *Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 419 (N.D. Ill. 2007) (certifying FDCPA class action

and finding that predominance prong satisfied where similar debt collection letters were at issue).

Relative to superiority, in assessing whether the requirement has been met, courts should consider:

    (A)    the class members' interests in individually controlling the prosecution or defense of separate actions;

    (B)    the extent and nature of any litigation concerning the controversy already begun by or against class members;

    (C)    the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    (D)    the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

In the instant case, no individual class member has an interest in controlling the prosecution of the action because the claims of all members are identical. The alternatives to the class action vehicle are either no recourse for hundreds of class members, or numerous suits which would result in the inefficient administration of the litigation. In certifying FDCPA claims, Judge Young explained:

> A class action is superior to all other methods in this case as it will efficiently resolve a potentially large number of claims that share a similar set of legal and factual issues. In the absence of class certification, the courts could potentially be inundated with "many individual cases that seek to litigate an essential core of the same legal and factual issues." *Lucas*, 226 F.R.D. at 342. These separate actions would be "repetitive, wasteful and an extraordinary burden on the courts[,]" so a class action is necessary here. *Tatz v. Nanophase Technologies Corp.*, No. 01-C-8440, 2003 WL 21372471, at *9 (N.D. Ill. June 13, 20013).

> Even more, individual suits would be unlikely, as recipients of the collection letter may be hesitant to prosecute individual claims without the availability of the cost-sharing efficiencies of a class action. Indeed, "individual recovery under the FDCPA can be relatively small, and many consumers are unfamiliar with its protections, [so] a class action is the best method for the fair and efficient adjudication of [this] issue [,] . . .

where the underlying liability issue can be determined relative to the
whole class." *Balogun*, 2007 WL 2934886, at *8; *see also Parker*, 206
F.R.D. at 213 (finding class action a superior method because damages
awarded to individual class members may be too insignificant to provide
enough incentive for them to pursue their FDCPA claims individually).

At its core, a class action is the appropriate way to proceed in this action.

*Selburg v. Virtuoso Sourcing Group, LLC*, No. 1:11-cv-1458, WL 4514152, at *10 (S.D. Ind.

Sept. 29, 2012).

The interests of individual class members in controlling the prosecution of their claims

does not weigh against class certification.  As in *Selburg*, it is doubtful that many individual

claims would be pursued in light of the expense of litigation and the fact that separate lawsuits

would be uneconomical for potential class members.  In addition, there is no indication that other

litigation is already pending concerning the controversy, or that resolution of these claims in this

Court is undesirable.  Further, no facts indicate that there will be any difficulty managing this

class action, especially in light of already identified class members, and the pending settlement.

The personal notice and opt-out requirements of Rule 23(b)(3) will further protect the interests of

those who will qualify as class members.  Accordingly, resolution of the claims asserted in

Chapman's complaint by way of a class action would be superior to other available methods of

pursuing these claims.

Because the parties have demonstrated that certification is appropriate pursuant to Fed. R.

Civ. P. 23(a) and (b)(3), the Court **ORDERS** that this case be preliminarily certified as a class

action.

The class action consists of damages sought for the violation of the FDCPA, 15 U.S.C. §

1692 *et seq.*, in particular, the allegation that Defendant failed to properly provide Indiana

consumers with disclosures required by 15 U.S.C. § 1692g(a)(4). Specifically, the class certified is comprised of:

> (a) All persons with an Indiana address, (b) to whom Bowman, Heintz, Boscia & Vician, P.C. mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," (c) between March 30, 2014 and March 30, 2015, (d) in connection with the collection of a consumer debt.

Rule 23 requires that a court certifying a class also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B), (g), and Chapman requests that her counsel be appointed Class Counsel [DE 18 at 8-9]. Class counsel must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(4). In appointing class counsel, the court must consider the following: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

No doubt Michael L. Greenwald of Greenwald Davidson Radbil PPLC has put extensive work into reviewing and investigating the potential claims in this case, and he and his firm have experience in handling class action litigation. Additionally, Mr. Greenwald has demonstrated his knowledge of the FDCPA and he has so far committed the resources necessary to representing the class and administrating the proposed settlement. The Court believes that Mr. Greenwald will fairly and adequately represent the interests of the class; and therefore, in compliance with

Rule 23(g)(1), it is **ORDERED** that Michael Greenwald of Greenwald Davidson Radbil PPLC is appointed Class Counsel.

## CLASS NOTICE AND SETTLEMENT

For classes certified under Rule 23(b)(3), the following notice must be given to the class members concerning the class certification:

> [T]he best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> (i)     the nature of the action;
> (ii)    the definition of the class certified;
> (iii)   the class claims, issues, or defenses;
> (iv)    that a class member may enter an appearance through an attorney if the member so desires;
> (v)     that the court will exclude from the class any member who requests exclusion;
> (vi)    the time and manner for requesting exclusion; and
> (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); see *Smith v. Shawnee Library System*, 60 F.3d 317, 321 (7th Cir. 1995) (noting that class members of a Rule 23(b)(3) class must receive reasonable notice and an opportunity to opt out, which is an absolute requirement for a court to exercise jurisdiction over those class members) (citations omitted).

Regarding the settlement or compromise of class action claims, as presented by the parties' proposed Settlement Agreement, Rule 23(e) states:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
> (1)     The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2)     If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3)     The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4)     If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5)     Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

Preliminary approval requires only that the Court evaluate whether the proposed settlement "is within the range of possible approval." *Armstrong*, 616 F.2d at 314 (internal citation omitted). The Seventh Circuit has identified a number of factors used to assess whether a settlement proposal is fundamentally fair, adequate, and reasonable: (1) the strength of plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Synfuel Techns., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby*, 75 F.3d at 1199). Here, while the Defendant denies liability and the parties disagree about the merits, preliminary approval of the settlement is appropriate to avoid the uncertainties of continued litigation. *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013) ("Settlement provides a certain and immediate benefit to the class members and outweighs the risk and cost of a trial on the merits. The prospect of a trial necessarily involves the risk that Plaintiff would obtain little or no recovery."). The litigation has been pending for six months, during which time, the parties were able to assess the strengths and weaknesses of their respective positions. Here, the proposed cash relief afforded by the settlement is $15 per class member. As explained by Judge

Simon, "[a]lthough $20 . . . is not significant in a vacuum, a dollar today is worth a great deal more than a dollar ten years from now . . . and a major benefit of the settlement is that class members will obtain these benefits much more quickly than had the parties not settled." *Swift v. DirectBuy, Inc.*, Nos. 2:11-cv-401, 2:11-cv-415, 2:11-cv-417, 2:12-cv-45, 2013 WL 5770633, at *5 (N.D. Ind. Oct. 24, 2013). Additionally, "even if the case reached trial, the class members would not receive benefits for many years, if they received any at all." *Id.* In *Swift*, Judge Simon found that payment of up to $20 per household "is an excellent result in this litigation." *Id.*

Here, as pointed out by Chapman, the settlement provides cash relief to class members in excess of the limit imposed by the FDCPA. The FDCPA limits statutory damages to a maximum of one percent of Defendant's net worth. *See* 15 U.S.C. § 1682k(a)(2)(B) ("in the case of a class action, (I) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector"). By paying $15 to each class member, Defendant will pay a total of $3,030, an amount that Chapman asserts exceeds 1 percent of Defendant's book value net worth. This settlement appears to represent a fair, reasonable, and adequate settlement in light of the possibility of protracted litigation and disputed issues of liability.

The Court having reviewed the Settlement Agreement and other submissions of the parties, and being otherwise fully advised, **HEREBY ORDERS**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. The representations, agreements, terms, and conditions of the parties' Class Settlement Agreement [DE 18-1] and Exhibit A attached thereto [DE 18-1 at 15], are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

3. For the purposes of the Proposed Settlement only, the Court hereby preliminarily certifies a plaintiff class, pursuant to Fed. R. Civ. P. 23(b)(3) (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit, as follows:

(a) All persons with an Indiana address, (b) to whom Bowman, Heintz, Boscia & Vician, P.C. mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," (c) between March 30, 2014 and March 30, 2015, (d) in connection with the collection of a consumer debt.

4. Defendant represents that there are 202 Class Members, including Plaintiff.

5. Pursuant to Fed. R. Civ. P. 23, the Court appoints Plaintiff Lou Ellen Chapman as the Class Representative. The Court also appoints Michael L. Greenwald of Greenwald Davidson Radbil PLLC as Class Counsel.

6. The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.      There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.      The claims of the Plaintiff are typical of the claims of the Class Members;

D.      The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7.  The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement [DE 18-1] is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of: (1) the strength of Plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the opinion of competent counsel; and (4) the stage of the proceedings and the discovery completed.

8.  A third party class administrator acceptable to the parties will administer the settlement and notification to Class Members.  The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members.  All costs of administration will be paid by Defendant separate and apart from the Settlement Fund.  Upon the recommendation of the parties, the Court hereby appoints the following class administrator: First Class, Inc.

9.  The Court approves the form and substance of the Notice of Class Action Settlement, attached to the Settlement Agreement as Exhibit A [DE 18-1 at 15].  The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice.  The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights.  In accordance with the Settlement Agreement, the class administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 20 days after the Court's entry of this order, i.e., no later than **January 19, 2016.  Additionally, if the proposed notice is returned as undeliverable, the class administrator must make an attempt to locate those Class Members, and if necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses.**

10.  Any Class Member who desires to be excluded from the class must send a written request for exclusion to Class Counsel with a postmark date no later than 60 days after the Court's entry of this order, i.e., no later than **February 29, 2016.**  To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded.  Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

11.  Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Court's entry of this order, i.e., no later

than **February 29, 2016.** Further, any such Class Member must, within the same time period,

provide a copy of the written objection to Class Counsel, attention: Michael L. Greenwald, Esq.,

Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and

Counsel for Defendant, Jennifer Kalas, Hinshaw & Culbertson, LLP, 322 Indianapolis Blvd.,

Suite 201, Schererville, IN 46375.

12.     To be effective, a notice of intent to object to the Settlement must:

(a)     Contain a heading which includes the name of the case and case number;

(b)     Provide the name, address, telephone number and signature of the Class Member filing the objection;

(c)     Be filed with the Clerk of the Court no later than 60 days after the Court preliminarily approves the settlement;

(d)     Be sent to Class Counsel and counsel for Defendant at the addresses designated in the Notice by first-class mail, postmarked no later than 60 days after the Court preliminarily approves the settlement;

(e)     Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Northern District of Indiana; and

(f)     Contain a statement of the specific basis for each objection.

13. Any Class Member who has timely filed an objection may appear at the Settlement

Approval Hearing, in person or by counsel, to be heard to the extent allowed by the Court,

applying applicable law, in opposition to the fairness, reasonableness and adequacy of the

Settlement, and on the application for an award of attorneys' fees and costs.

14. The class administrator will mail a settlement check to each Class Member who does

not exclude himself or herself from the Class. Each Class Member will receive a pro-rata

portion of the $3,030.00 common fund, in the amount of no less than fifteen dollars per Class Member.

15.   Defendant will pay to the Class Representative the sum of $1,000 as statutory damages pursuant to the FDCPA.

16.   The Court will conduct a fairness hearing in the First Floor Courtroom of the Robert A. Grant Federal Building and United States Courthouse, 204 S. Main Street, South Bend, Indiana, at **10:00 AM (Eastern Time) on May 12, 2016**, to review and rule upon the following issues:

A.   Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C.   Whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D.   To discuss and review other issues as the Court deems appropriate..

17.   Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing.  The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

18. Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 21 days prior to the Final Approval Hearing, i.e., no later than **April 21, 2016.**

19. The Settlement Agreement and this Order will be null and void if any of the following occur:

A.      The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B.      The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the Parties; or

C.      The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

20. If the Settlement Agreement and/or this order are voided per ¶ 19 of this order, then the Settlement Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

21. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

22.  The Court sets the following schedule:

| Date | Event |
|------|-------|
| 12/29/2015 | Preliminary Approval Order Entered |
| 1/19/2016 | Notice Sent |
| 2/29/2016 | Deadline to Send Exclusion or File Objection |
| 4/21/2016 | Motion for Final Approval and Attorney Fees Papers Filed |
| 5/12/2016 | Final Approval Hearing Held |

SO ORDERED.

ENTERED: December 29, 2015


_____/s/ JON E. DEGUILIO_____
Judge
United States District Court